A00A0713. NASH v. STATE OF GEORGIA.
(534 SE2d 492)

MILLER, Judge.

In this civil forfeiture action to condemn personal property, including $43,814.86 in U. S. currency seized from respondent Tony Randall Nash, the petition alleged that on April 27, 1999, officers from the North Fulton Drug Task Force executed a search warrant of Nash's residence and found cocaine, ecstasy, drug-related paraphernalia and some $10,000 in cash, all of which property Nash allegedly conceded was traceable to drug proceeds. At that time, police also found "deposit receipts and keys to a safety deposit box at [a particular branch of an identified bank in] Atlanta, Georgia." On April 29, police executed a search warrant for the safety deposit box and seized

---

$33,020 in U. S. currency. The forfeiture petition was filed on Monday, June 28. In his answer, Nash contended the forfeiture petition was untimely and demanded the return of his honestly acquired property. From the judgment forfeiting the same, Nash appeals. His sole enumeration of error contends the trial court erred in failing to dismiss the forfeiture petition as untimely. We affirm.

"Within 60 days of the date of seizure, a complaint for forfeiture shall be initiated. . . ."[1] And if the State fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the specified time limit, "the property must be released on the request of an owner or interest holder, pending further [forfeiture] proceedings. . . ."[2] Nash contends the 60-day limitation period began to run on April 27, 1999, the date approximately $10,000 in cash plus other personalty was actually seized from his house. And because the key to a safety deposit box at an identified branch of a local bank was also seized on April 27, Nash further urges that the $33,020 in cash subsequently seized from that safety deposit box was in the constructive possession of police from April 27.

However persuasive Nash's constructive possession argument is, it is not determinative, because the actual date of the seizure is not counted for purposes of determining the running of the OCGA § 16-13-49 (h) (2) 60-day limitation period.

> [W]hen a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty.[3]

So assuming, arguendo, that the State was in constructive possession of whatever was in the identified safety deposit box because it had seized Nash's key on April 27, nevertheless, the time for computing the 60-day limitation period did not commence until the following day, April 28. The sixtieth day thus fell on Saturday, June 26, 1999. Under OCGA § 1-3-1 (d) (3), the State had through the following Monday to discharge its duty to file a forfeiture petition. As this petition was in fact filed on Monday, June 28, 1999, the trial court

---

[1] OCGA § 16-13-49 (h) (2).
[2] OCGA § 16-13-49 (h) (3).
[3] OCGA § 1-3-1 (d) (3). See also OCGA §§ 9-11-6 (a) and 9-11-81.

did not err in failing to dismiss this civil forfeiture petition as untimely under OCGA § 16-13-49 (h) (2).

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 3, 2000.

O. Jackson Cook, for appellant.

Paul L. Howard, Jr., District Attorney, Gary S. Hulsey, Christopher M. Quinn, Assistant District Attorneys, Awtrey & Parker, Harvey D. Harkness, for appellee.